```
              UNITED STATES DISTRICT COURT
                      FOR THE
              MIDDLE DISTRICT OF PENNSYLVANIA

JAMES ROCKETT,                  :
                                :
        Petitioner              :    No. 1:15-CV-01763
                                :
    vs.                         :    (Judge Kane)
                                :
C. MAIORANA,                    :
                                :
        Respondent              :
```

## MEMORANDUM

### Background

James Rockett, a federal inmate presently confined at the United States Penitentiary at Canaan, Waymart, Pennsylvania ("USP-Canaan"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, in which he named the warden of USP-Canaan as the Respondent. Doc. 1, Rockett's Petition. Rockett's petition is vague but it appears he claims that he was sentenced by the United States District Court for the Eastern District of Virginia in June, 2006, for a firearms related offense and he was improperly sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e).[1] Id. Rockett does not indicate that he filed a

---

1.  18 U.S.C. § 924(e) states in pertinent part that

> [i]n the case of a person who violates 922(g) of this title and has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such a person shall be fined under this title and imprisoned not less than 15 years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a

(continued...)

direct appeal of his judgment of sentence. <u>Id.</u>  Rockett, however, alleges that he filed a motion to vacate his sentence under 28 U.S.C. § 2255 but the district court denied the motion in June, 2008, because the issues raised had "no colorable merit" even though he explained that he had more issues to raise and was unable to properly do so because he did not have access to legal materials at the prison where he was confined. <u>Id.</u>  Rockett further indicates that he filed a motion in the United States

---

1. (...continued)
    probationary sentence to, such a person with respect to the conviction under section 922(g).

    A "serious drug offense" is defined in relevant part as "an ofense under State law, involving the manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years is prescribed by law." 18 U.S.C. § 924(e)((2)(A)(ii).
    As will be explained more fully herein, it does not appear that Rockett was convicted and sentenced for violating 922(g). It appears that Rocket is confusing the Armed Career Criminal Act ("ACCA") with the Career Offender provision of the United States Sentencing Guidelines. The Career Offender provision, USSG § 4B1.1, states that

>   [a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Under the Sentencing Guideline provision the definition of "crime of violence" is essentially the same as under the ACCA: "any offense under federal or state law punishable by imprisonment for a term exceeding one year that -- (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) . . . otherwise involves conduct that presents a serious potential risk of physical injury to another."

Court of Appeals for the Fourth Circuit under 28 U.S.C. § 2244(b)(3)(A) seeking permission to file a second § 2255 motion and that the Court of Appeals denied that motion. Id., at 4. Rockett claims that because of a recent United States Supreme Court case, Johnson v. United States, 135 S.Ct. 2551 (2015),[2] he is entitled to relief and that his remedy under §2255 is inadequate and ineffective. Id., at 5. Rockett states that the docket number for his criminal case in the Eastern District of Virginia is 06-cr-135. A review of that court's docket utilizing the PACER system reveals that the correct docket number for Rockett's case is 2:05-CR-135-MSD-JEB-1.[3] Rockett paid the $5.00 filing fee.

The petition will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C.

---

2. Johnson held that increasing a sentence under the Armed Career Criminal Act's residual clause is unconstitutional. It is not clear from the docket of the Eastern District that Rockett was sentenced under the residual clause of that Act. The Armed Career Criminal Act increases a defendant's sentence who has three or more prior convictions for a serious drug offense or a "violent felony." The residual clause defined violent felony as an offense which "involves conduct that presents a serious potential risk of physical injury to another." There is presently a circuit split as to whether or not Johnson was made retroactive to cases on collateral review.

3. The Public Access to Court Electronic Records (PACER) is an electronic database of United States federal court documents. A district court may take judicial notice of proceedings in another court. See United States v. Wilson, 631 F.2d 118 (9th Cir. 1980); Hayes v. Woodford, 444 F.Supp.2d 1127, (S.D. Cal. 2006)("[F]ederal courts may take judicial notice of other courts' proceedings, within the federal judiciary and without, if the proceedings directly relate to the matter before the court.").

foll. § 2254, as made applicable to § 2241 cases by Rule 1 thereof.[4]  For the reasons set forth below, the petition will be dismissed summarily.

**Discussion**

The docket of the United States District Court for the Eastern District of Virginia reveals that on October 5, 2005, a four-count indictment was filed against Rockett charging him with the following offenses: (1) conspiracy to commit carjacking and to possess, use and carry firearms in relation to a violent crime, 18 U.S.C. § 371 (Count 1); (2) knowingly and unlawfully taking and attempting to take a motor vehicle by force and violence, 18 U.S.C. § 2119 (Count 2); (3) knowingly and intentionally brandishing, possessing, using and carrying firearms in furtherance of a carjacking, 18 U.S.C. § 924(c)(1)(A)(ii)(Count 3); and (4) felon in possession of a firearm and ammunition, 18 U.S.C. § 924(a)(2)(Count 4). Indictment, United States v. Rockett, 2:05-CR-00135-MSD-JEB-1 (E.D.Va. Oct. 5, 2005), ECF No. 1 (PACER). On March 14, 2006, the district court accepted a plea of guilty pursuant to a plea agreement. ECF Nos. 24 and 40.  On June 2, 2006, Rockett was sentenced pursuant to the plea agreement on Counts 2 and 3 of the indictment and Counts 1 and 4 were

---

4.  Rule 4 states in pertinent part that "[t]he clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."

dismissed. ECF No. 47.  On Count 2, Rockett received a sentence of imprisonment of 180 months[5] to be followed by 3 years of supervised release. Id.  On Count 3, Rockett received a consecutive sentence of 84 months[6] to be followed by 5 years of supervised release to run concurrent with the supervised release imposed on Count 2. Id.  Rockett was also ordered to pay $26,015.10 in restitution and a special assessment of $100.00. Id.  In addition it was ordered that the total sentence of confinement of 264 months run consecutively to the undischarged term of imprisonment imposed by the United States District Court for the Middle District of Florida, Orlando Division in docket number 6:04-CR-141-ORL-28KJGG. Id.

     The district court docket reveals that Rockett did not pursue a direct appeal of the sentence but that on April 23, 2007, the United States filed a Rule 35(b) motion for reduction in Rockett's sentence. ECF No. 51.[7]  On June 5, 2007, the district court filed a sealed amended judgment. ECF No. 54.  Subsequently, on July 23, 2007, Rockett filed a motion under 28 U.S.C. § 2255 which was denied by the district court on April 17, 2008. ECF Nos.

---

5. There is a 15-year maximum under the statute; if serious bodily injury results the maximum is 25 years; and if loss of life occurs the maximum punishment is death. 18 U.S.C. § 2119.

6. The statute requires that a consecutive sentence be imposed. 18 U.S.C. § 924(c)(1)(D)(ii).

7. The motion was filed under seal and we are unable to view any of the actual documents filed in this case prior to August 20, 2015, because they were not electronically scanned.

56 & 57.  On May 12, 2008, Rockett filed an appeal to the Court of Appeals for the Fourth Circuit and on December 23, 2008, the Court of Appeals dismissed Rockett's appeal.  ECF. Nos. 59, 72 & 73.  On September 14, 2010, the Court of Appeals denied Rockett's motion under 28 U.S.C. § 2244 for an order authorizing the district court to consider a second motion under 28 U.S.C. § 2255.  ECF No. 89.  The appeal record was returned to the district court on December 20, 2010, and sent to the Federal Records Center on December 18, 2013. ECF No. 93 & unnumbered docket annotation.

After December 18, 2013, there were no filings by Rockett in the Eastern District of Virginia until August 20, 2015. On that date Rockett filed a motion for reconsideration of the district court's ruling on his § 2255 motion. ECF No. 107. In the motion for reconsideration Rockett raises the same contentions as he raises in the instant section 2241 habeas petition, except Rockett does not mention the Johnson case as a basis for relief. Id. Subsequently, on October 20, 2015, the district court requested that the Federal Records Center return the record to the district court. Unnumbered docket annotation.  The motion for reconsideration is still pending in the United States District Court for the Eastern District of Virginia.

A federal criminal defendant's conviction and sentence are subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255.  E.g., United States v. Addonizio, 442 U.S. 178, 179 (1979).   The United States

Court of Appeals for the Third Circuit has held that as to issues cognizable by the sentencing court under § 2255, a motion under § 2255 "supersedes habeas corpus and provides the exclusive remedy." Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir.) (per curiam), cert. denied, 409 U.S. 1046 (1972).

In the instant case, Rockett clearly maintains that his federal conviction violates his federal statutory and constitutional rights. Thus, his proper avenue of relief is a section 2255 motion filed in the district court where he was convicted and sentenced.

Section 2255 provides, in part, that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention" (emphasis added).

A motion under § 2255 is "'inadequate or ineffective'" only where it is established "'that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam) (quoting United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)). It has

been recognized that the burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. See Id.; Cagle v. Ciccone, 368 F.2d 183, 184 (8th Cir. 1966). Furthermore, prior unsuccessful § 2255 motions filed in the sentencing court are insufficient in and of themselves to show that the motion remedy is inadequate or ineffective. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988); Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative . . . ." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir.) (emphasis added), cert. denied, 479 U.S. 993 (1986).

It is the petitioner's burden to prove that §2255 would be an inadequate or ineffective remedy. Reyes-Requena v. United States, 243 F. 3d 893, 901 (5th Cir. 2001) (citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)). Rockett has not met this burden. At best under the present circumstances Rockett may demonstrate a personal inability to utilize the § 2255 remedy, but he does not establish the inadequacy or ineffectiveness of the remedy itself. See Jeffers v. Holland, Civil No. 97-1203, (M.D. Pa. Nov. 7, 1997) (Conaboy, J.); Berry v. Lamer, Civil No. 96-1678, slip op at 13-14 (M.D. Pa. April 30, 1997) (Kosik, J.) (finding that existence of two orders from circuit court warning petitioner that no other submissions shall be filed or entertained in his case, did not render his remedy by way of § 2255 motion

inadequate or ineffective); Holland v. Harding, Civil No. 95-0870, slip op at 4 (M.D. Pa. Nov. 21, 1995) (McClure, J.)(holding that entering into a sentencing agreement wherein the right to challenge the conviction or sentence by direct appeal or by § 2255 motion is waived does not render a § 2255 motion inadequate or ineffective); see also In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997) (denying motion for certification to file a second § 2255 petition without prejudice to petitioner filing a § 2241 habeas corpus petition because passage of a subsequent law may negate the crime of which he was convicted, the Third Circuit Court of Appeals stated in dicta, "[w]e do not suggest that § 2255 would be 'inadequate or ineffective' so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255.").

      The legislative limitations on successive § 2255 proceedings do not render the remedy either inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this Court. To hold otherwise would simply effect a transfer of forum for the adjudication of successive challenges to the validity of a conviction. That Congress did not intend such a result is made manifest by 28 U.S.C. § 2244(a), which provides that no district judge "shall be required to entertain an application for a writ of habeas corpus to inquire into the

detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in Section 2255."  As noted above, § 2255 authorizes a district court to consider a habeas corpus petition of a federal prisoner only if the § 2255 motion is inadequate or ineffective. Clearly in view of the fact that Rockett has already filed a § 2255 motion regarding his conviction, that remedy has proven to be an effective and adequate means for him to challenge the legality of his detention and, furthermore, in light of the pending motion for reconsideration in the United States District Court for the Eastern District of Virginia it would be imprudent to for this court to intervene.  Under the circumstance the court will dismiss Rockett's § 2241 petition for writ of habeas corpus.

      Finally, Rockett is not detained because of process issued by a state court and the petition is not brought pursuant to 28 U.S.C. § 2255, no action by this court with respect to a certificate of appealability is necessary.

      An appropriate order will be entered.